# EXHIBIT 2

This document is scheduled to be published in the Federal Register on 2026-07-02 and available online at **https://www.federalregister.gov/d/2026-13419**, and on **https://govinfo.gov**

ode 9111-14

**DEPARTMENT OF HOMELAND SECURITY**

**Office of the Secretary**

**Determination Pursuant to Section 102 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, as Amended**

**AGENCY:** Office of the Secretary, Department of Homeland Security.

**ACTION:** Notice of determination.

**SUMMARY:** The Secretary of Homeland Security has determined, pursuant to law, that it is necessary to waive certain laws, regulations, and other legal requirements in order to ensure the expeditious construction of barriers and roads in the vicinity of the international land border in the state of Texas.  The notice of determination was published in the **Federal Register** on February 17, 2026.  This document amends the February 17, 2026, notice of determination by including additional legal requirements that are being waived.

**DATES:** This determination takes effect on **[INSERT DATE OF PUBLICATION IN THE FEDERAL REGISTER]**.

**SUPPLEMENTARY INFORMATION:** Important mission requirements of the Department of Homeland Security ("DHS") include border security and the detection and prevention of illegal entry into the United States.  Border security is critical to the nation's national security.  Recognizing the critical importance of border security, Congress has mandated DHS to achieve and maintain operational control of the international land border.  Secure Fence Act of 2006, Public Law 109-367, section 2, 120 Stat. 2638 (Oct. 26, 2006) (8 U.S.C. 1701 note).  Congress defined "operational control" as the prevention of all unlawful entries into the United States, including entries by terrorists, other unlawful aliens, instruments of terrorism, narcotics, and other contraband.  Id.  Consistent with that mandate, the President's Executive Order on Securing Our Borders directs that I take all appropriate action to deploy and construct physical barriers to ensure complete operational control of the southern border of the United States.  Executive Order 14165, section 3 (Jan. 20, 2025).

Congress has provided the Secretary of Homeland Security a number of authorities necessary to carry out DHS's border security mission.  One of those authorities is found at section 102 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, as amended ("IIRIRA").  Public Law 104-208, Div. C, 110 Stat. 3009-546, 3009-554 (Sept. 30, 1996) (8 U.S.C 1103 note), as amended by the REAL ID Act of 2005, Public Law 109-13, Div. B, 119 Stat. 231, 302, 306 (May 11, 2005) (8 U.S.C. 1103 note), as amended by the Secure Fence Act of 2006, Public Law 109-367, section 3, 120 Stat. 2638 (Oct. 26, 2006) (8 U.S.C. 1103 note), as amended by the Department of Homeland Security Appropriations Act, 2008, Public Law 110-161, Div. E, Title V, section 564, 121 Stat. 2090 (Dec. 26, 2007).  In section 102(a) of IIRIRA, Congress provided that the Secretary of Homeland Security shall take such actions as may be necessary to install additional physical barriers and roads (including the removal of obstacles to detection of illegal entrants) in the vicinity of the United States border to deter illegal crossings in areas of high illegal entry into the United States.  In section 102(b) of IIRIRA, Congress mandated that in carrying out the authority of section 102(a), I provide for the installation of additional fencing, barriers, roads, lighting, cameras, and sensors to achieve and maintain operational control of the border.  Finally, in section 102(c) of IIRIRA, Congress granted to the Secretary of Homeland Security the authority to waive all legal requirements that I, in my sole discretion, determine necessary to ensure the expeditious construction of barriers and roads authorized by section 102 of IIRIRA.

**DETERMINATION AND WAIVER:**

**Section 1**

The United States Border Patrol Big Bend Sector is an area of high illegal entry. Between fiscal year 2021 and fiscal year 2025, Border Patrol apprehended over 89,000 illegal aliens attempting to enter the United States between border crossings in the Big Bend Sector.  In that same time period Border Patrol seized over 87,574 pounds of marijuana, over 867 pounds of

cocaine, over 1,156 pounds of methamphetamine, over 12 pounds of heroin, and over 94 pounds of fentanyl.

Since the President took office, DHS has delivered the most secure border in history. More can and must be done, however.  As the statistics cited above demonstrate, the Big Bend Sector is an area of high illegal entry where illegal aliens regularly attempt to enter the United States and smuggle illicit drugs, and given my mandate to achieve and maintain operational control of the border, I must use my authority under section 102 of IIRIRA to install additional barriers and roads in the Big Bend Sector.  Therefore, DHS will take immediate action to construct additional barriers and roads in a segment of the border in the Big Bend Sector.  The segment where such construction will occur is referred to herein as the "project area," which is more specifically described in Section 2 below.

**Section 2**

I determine that the following area in the vicinity of the United States border, located in the state of Texas within the U. S. Border Patrol Big Bend Sector, is an area of high illegal entry (the "project area"): Starting at approximately GPS point 31.037623, -105.579877 and extending south and east to approximately GPS point 29.325866, -104.046466.

There is presently an acute and immediate need to construct additional physical barriers and roads in the vicinity of the border of the United States in order to prevent unlawful entries into the United States in the project area pursuant to section 102(a) and 102(b) of IIRIRA.  In order to ensure the expeditious construction of additional physical barriers and roads in the project area, I have determined that it is necessary that I exercise the authority that is vested in me by section 102(c) of IIRIRA.

Accordingly, pursuant to section 102(c) of IIRIRA, I hereby waive in their entirety, with respect to the construction of physical barriers and roads (including, but not limited to, accessing the project areas, creating and using staging areas, the conduct of earthwork, excavation, fill, and site preparation, and installation and upkeep of physical barriers, roads, supporting elements,

drainage, erosion controls, safety features, lighting, cameras, and sensors) in the project area, all of the following statutes, including all federal, state, or other laws, regulations, and legal requirements of, deriving from, or related to the subject of, the following statutes, as amended: The National Environmental Policy Act (Pub. L. 91-190, 83 Stat. 852 (Jan. 1, 1970) (42 U.S.C. 4321 et seq.)); the Endangered Species Act (Pub. L. 93-205, 87 Stat. 884 (Dec. 28, 1973) (16 U.S.C. 1531 et seq.)); the Federal Water Pollution Control Act (commonly referred to as the Clean Water Act (33 U.S.C. 1251 et seq.)); the National Historic Preservation Act (Pub. L. 89-665, 80 Stat. 915 (Oct. 15, 1966), as amended, repealed, or replaced by Pub. L. 113-287 (Dec. 19, 2014) (formerly codified at 16 U.S.C. 470 et seq., now codified at 54 U.S.C. 100101 note and 54 U.S.C. 300101 et seq.)); the Migratory Bird Treaty Act (16 U.S.C. 703 et seq.); the Migratory Bird Conservation Act (16 U.S.C. 715 et seq.); the Clean Air Act (42 U.S.C. 7401 et seq.); the Archeological Resources Protection Act (Pub. L. 96-95 (16 U.S.C. 470aa et seq.)); the Paleontological Resources Preservation Act (16 U.S.C. 470aaa et seq.); the Federal Cave Resources Protection Act of 1988 (16 U.S.C. 4301 et seq.); the National Trails System Act (16 U.S.C. 1241 et seq.), the Safe Drinking Water Act (42 U.S.C. 300f et seq.); the Noise Control Act (42 U.S.C. 4901 et seq.); the Solid Waste Disposal Act, as amended by the Resource Conservation and Recovery Act (42 U.S.C. 6901 et seq.); the Comprehensive Environmental Response, Compensation, and Liability Act (42 U.S.C. 9601 et seq.); the Archaeological and Historic Preservation Act (Pub. L. 86-523, as amended, repealed, or replaced by Pub. L. 113-287 (Dec. 19, 2014) (formerly codified at 16 U.S.C. 469 et seq., now codified at 54 U.S.C. 312502 et seq.)); the Antiquities Act (formerly codified at 16 U.S.C. 431 et seq. and 16 U.S.C. 431a et seq., now codified 54 U.S.C. § 320301 et seq.); the Historic Sites, Buildings, and Antiquities Act (formerly codified at 16 U.S.C. 461 et seq., now codified at 54 U.S.C. 320301-320303 & 320101-320106); the Eagle Protection Act (16 U.S.C. 668 et seq.); the Native American Graves Protection and Repatriation Act (25 U.S.C. 3001 et seq.); the Administrative Procedure Act (5 U.S.C. 551 et seq.); Section 438 of the Energy Independence and Security Act (42 U.S.C.

17094); the National Fish and Wildlife Act of 1956 (Pub. L. 84-1024 (16 U.S.C. 742a, et seq.));

the Fish and Wildlife Coordination Act (Pub. L. 73-121 (16 U.S.C. 661 et seq.)); the Farmland

Protection Policy Act (7 U.S.C. 4201 et seq.); the Wild Horse and Burro Act (16 U.S.C. 1331 et

seq.); 43 U.S.C. 387; the Wild and Scenic Rivers Act (Pub. L. 90-542 (16 U.S.C. 1281 et seq.);

the Federal Land Policy and Management Act (Pub L. 94-579 (43 U.S.C. 1701 et seq.)); 33

U.S.C. § 408; and the Rivers and Harbors Act of 1899 (33 U.S.C. 403 et seq.).

This waiver does not revoke or supersede any other waiver determination made pursuant

to section 102(c) of IIRIRA.  Such waivers shall remain in full force and effect in accordance

with their terms.  I reserve the authority to execute further waivers from time to time as I may

determine to be necessary under section 102 of IIRIRA.

**Markwayne Mullin,**
*Secretary of Homeland Security.*

[FR Doc. 2026-13419 Filed: 7/1/2026 8:45 am; Publication Date:  7/2/2026]