IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PRESIDIO MUNICIPAL DEVELOPMENT
DISTRICT,

*Plaintiff*,

*v.*

Case No. 1:26-cv-02146-RBW

U.S. DEPARTMENT OF HOMELAND
SECURITY, *et al.*,

*Defendants*.

**SUPPLEMENTAL BRIEF REGARDING ENCOUNTERS
AND SEIZURES IN THE BIG BEND SECTOR**

In response to this Court's request at oral argument, Defendants file this supplemental brief to inform the Court of the current state of encounters and seizures in the Big Bend Sector and the need for border barrier in that region. The total number of encounters for the Big Bend Sector dating back to 1960 are listed in the attached chart labeled Exhibit A.[1] The total quantity of illegal drugs seized for fiscal years 2023 to present are listed in Exhibit B.[2]

Respectfully, an inquiry into the need to build border barriers exceeds the Court's authority. Congress has given the Secretary of Homeland Security sole discretion in making such decisions

---

[1] This chart is based on publicly available data sources from the Department of Homeland Security. *See* United States Border Patrol Southwest Border Sectors Total Illegal Alien Apprehensions By Fiscal Year, www.cbp.gov/sites/default/files/assets/documents/2019-Mar/bp-southwest-border-sector-apps-fy1960-fy2018.pdf (encounters from 1960 to 2018); Border Security Status Report Fiscal Year 2023 at 46 (encounters from 2014 to 2023);  FY23 - FY26 (FYTD) Nationwide Encounters by Area of Responsibility – June, at www.cbp.gov/sites/default/files/2026-07/nationwide-encounters-fy23-fy26-jun-aor.csv (nationwide encounters statistics from 2023 to June 2026).

[2] This chart is based on DHS's nationwide drug statistics data available here: http://www.cbp.gov/document/stats/nationwide-drug-seizures

under the IIRIRA. *See* IIRIRA § 102(a), (b). To the extent the Court considers this evidence for the limited purpose of balancing the equities in the preliminary injunction analysis, Defendants' compelling interests in border security "plainly outweigh[]" Plaintiffs' speculative injuries. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 26, 33 (2008).

As the attached figures demonstrate, the Big Bend Sector is an area of high volatility. While encounters in the Big Bend Region are down significantly due to the robust enforcement efforts of the current Administration, the historical trends show the continued need for construction of a border wall in this area. Indeed, during fiscal years 2021 and 2022, encounters spiked to record highs of over 30,000 annual encounters. The Sector also saw unusually high encounters from 1971–1986 and again from 1992–2005. These ebbs and flows demonstrate that, while encounters in the Big Bend Sector are currently below historical trends, they may spike again in the future, even if enforcement efforts remain the same. These surges are often unpredictable and driven by a host of individual, social, political, educational, economic, security, and environmental factors that impact global migration.

As to drug seizures in the Big Bend Sector, they are currently the highest they have been in four years. With three months remaining in the current fiscal year, CBP has seized over 13,000 pounds of illegal drugs, surpassing the annual totals for each of the previous three fiscal years. *See* Exhibit B.

The figures cited above demonstrate a present and immediate need for additional border barriers in the Big Bend Sector. Encounters have historically spiked unpredictably, and drug seizures are at a four year high, indicating that, even with Defendants' recent success, smugglers continue to target the Big Bend Sector. Congress has mandated that DHS achieve *and maintain* operational control of the international land border, which Congress defined as the prevention of

all unlawful entries into the United States. *See* Secure Fence Act of 2006, Public Law 109-367, section 2, 120 Stat. 2638 (Oct. 26, 2006) (8 U.S.C. 1701 note) (emphasis added). Although encounters in the Big Bend region are down, CBP cannot stand aside and wait for illegal encounters to increase before increasing border security measures. Border barrier construction projects frequently require years of extensive planning, analysis, and construction. Waiting for a period of record high illegal encounters and smuggling threats to begin construction would postpone necessary security measures until it is too late.

For these reasons, as well as those set forth in Defendants' opposition memorandum and the argument presented at the hearing on July 21, 2026, Plaintiffs' motion for preliminary injunction should be denied.

Dated: July 27, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ANDREW I. WARDEN
Assistant Branch Director

*/s/ Alexander J. Yun*
ALEXANDER J. YUN
(D.C. Bar No. 90028923)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
202-674-0255
Alex.Yun@usdoj.gov

*Counsel for Defendants*

3